# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200

**Megan E. Dellinger**
(302) 351-9366
mdellinger@mnat.com

November 26, 2019

The Honorable Colm F. Connolly            *VIA CM/ECF AND HAND DELIVERY*
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:    *In re: Palbociclib Patent Litigation,* MDL No. 19-2912 (CFC);
            *Pfizer Inc., et al. v. Aizant Drug Research Solutions Pvt. Ltd., et al.*,
            C.A. No. 19-743 (CFC) (consolidated); and
            *Pfizer Inc., et al. v. Mylan Pharmaceuticals, Inc.*, C.A. No. 19-1863 (CFC)

Dear Judge Connolly,

      Defendants have asked this Court to insert into the parties' Proposed Stipulated Protective Order ("Order") text that would bar the disclosure of one Defendant's confidential information to another Defendant.[1]  D.I. 59 (Defendants' Letter).  The proposal would lead to separate, Defendant-specific evidentiary records on common legal issues, requiring the Court to determine the validity of the asserted patents (among other things) based on multiple different sets of facts and expert testimony.  There is absolutely no reason—let alone the required good cause—to burden the Court with such unnecessary and wasteful complexity.[2]  *See Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 786 (3d Cir. 1994); *Genentech, Inc. v. Amgen, Inc.*, C.A. No. 17-1407-CFC, 2019 WL 1349464 (D. Del. Mar. 26, 2019) (reciting good cause standard).  Nor is there any reason at all not to trust that every designee under the Order will strictly adhere to its terms.  Plaintiffs therefore respectfully request that the Court reject Defendants' proposal, as it has done before with similar proposals.  *See Pharmacyclics LLC v. Fresenius Kabi USA, LLC*, 18-192 (CFC), Ex. 3 (Oral Order), Ex. 4 (Pls' Ltr.), Ex. 5 (Defs' Ltr.).

---

[1] In the parties' Protective Order, Ex. 1, Defendants' proposal is highlighted in yellow at 14, and Plaintiffs' responsive proposal is highlighted in green on at 15.

[2] Plaintiffs' proposed order is attached as Exhibit 2.

The Honorable Colm F. Connolly
November 26, 2019
Page 2

A concrete example—one certain to arise in this consolidated litigation—highlights the problem with Defendants' proposal. Each Defendant contends the patents in suit are obvious. Plaintiffs disagree, based in part on objective indicia of non-obviousness, including commercial success. The Court's commercial success analysis (and that of other objective indicia) will be supported by information each Defendant claims is confidential—its product selection decisions, its market forecasts, its witness testimony, and so on. That evidence is probative and relevant to assessing validity, without regard for the individual Defendant. Placing firewalls between the Defendants would require the Court to weigh these twelve[3] evidentiary records separately at trial when deciding the common question of validity.

There is no benefit associated with this added burden and complexity. The Order's other, agreed-to provisions provide more than enough protection against any improper use of confidential information. It requires that such information may be disclosed only to those expressly authorized, and that it "not be used . . . for any purpose other than in connection with these Actions . . . ." Ex. 1, ¶ 7. It strictly precludes access to those who "have competitive decision-making authority for product marketing or business strategy" relating to the relevant products for one year following the final disposition of the litigation, and prohibits a party's outside counsel and in-house personnel from participating in patent prosecution or regulatory matters relating to palbocilib (the drug compound claimed in the asserted patents). *Id.* ¶¶ 4, 18. In sum, it ensures that confidential information learned in this litigation cannot be used to gain any competitive advantage—precisely the concern Defendants identify as justification for their proposed restriction.

Defendants do not argue that these agreed-upon provisions are in any way inadequate. Nonetheless, and despite the already-strong protections in the Order, Plaintiffs have proposed a compromise of additional limitations that address many of Defendants' concerns. No fact witness of one Defendant would have access to the confidential information of another Defendant, for example. And only those individuals properly designated under the Order would have access to any confidential information whatsoever. Combined with the pages of other limitations, the protections are robust and sufficient.

---

[3] While there are thirteen Defendants in the consolidated action, C.A. 19-1863 will be remanded for trial to the Northern District of West Virginia.

The Honorable Colm F. Connolly
November 26, 2019
Page 3

Defendants argue that, without their proposed text, competitive harm will arise, so much so that if confidential information about "one defendant is learned by counsel for another defendant—*even outside counsel only*—that counsel could not advise his or her client about the case without risk of causing competitive harm." D.I. 59 at 2 (emphasis added). Defendants' remarkable argument that their own outside counsel and designees cannot be trusted to comply with this Court's Orders raises grave concerns, including why Pfizer should be required to produce to those counsel its most sensitive research and commercial information. *All* of the parties—Plaintiffs and Defendants—compete in the same market and rely on compliance with this Court's Order, regardless of whether confidential information comes from a Plaintiff or a Defendant. It strains credulity to suggest that the disclosure of one Defendant's confidential information to another is different in any way from the disclosure of Plaintiffs' information to a Defendant.

Defendants' argument is particularly baseless and befuddling here: Most Defendants in the case share outside counsel with at least one other Defendant.[4] If disclosure of information between Defendants' outside counsel risks such grievous harm, why have multiple Defendants chosen voluntarily to hire the same counsel?

Defendants close by telegraphing their real concern—that evidence adduced against one Defendant will be used at trial against all Defendants, even as to common issues (such as validity). They wish to assert at trial that deposition testimony adduced from one Defendant cannot be used against other Defendants on the basis that the Protective Order prevented them from attending the deposition and examining the witness. Defendants' strategic effort to reverse the efficiency of coordinated discovery and a single trial should be rejected, not encouraged. This Court's Order protects confidential information; it is not appropriate to use it as a shield for Defendants to render information adduced during discovery inadmissible or to keep relevant facts from the Court's consideration.

Defendants have failed to show the good cause needed for the Court to adopt their proposed limitations. For these reasons, the Court should therefore deny Defendants' request and enter Plaintiffs' proposed order (Ex. 2).

---

[4] Each of these clusters of defendants has at least one outside litigation counsel in common: (1) Apotex, Aurobindo, and Qilu; (2) Cipla, Natco, and Sun; and (3) Alembic and Mylan. *See* D.I. 15 (Certificate of Service listing counsel).

The Honorable Colm F. Connolly
November 26, 2019
Page 4

                                      Respectfully,

                                      */s/ Megan E. Dellinger*

                                      Megan E. Dellinger (#5739)

MED:lo
cc:    Clerk of Court (via hand delivery)
        All Counsel of Record (via CM/ECF and electronic mail)